**Charley Lee LUXTON, Appellant,**

v.

**The STATE of Texas, State.**

**Nos. 2–95–464–CR, 2–95–465–CR.**

Court of Appeals of Texas, Fort Worth.

Feb. 6, 1997.

Greg Westfall, Fort Worth, for Appellant.

Charles Mallin, Fort Worth, for State.

Before LIVINGSTON, DAUPHINOT and HOLMAN, JJ.

**OPINION**

HOLMAN, Justice.

A jury tried Charlie Lee Luxton for two misdemeanor offenses and convicted him of both. For the offense of driving while intoxicated, the court sentenced Luxton to 120 days in jail and a $450 fine. The jail sentence was suspended for two years on condition that Luxton would complete the terms of court-ordered probation, including a substance abuse evaluation. For the offense of

resisting arrest, the court sentenced him to two days in jail. Luxton appeals on grounds that because there was insufficient evidence that he resisted arrest, the court erred by denying his motion for a directed verdict on that charge, and erred by admitting into evidence "emergency room notes" about his alcohol intoxication without first classifying the physician whose medical opinions are in the notes as an expert witness for the State and allowing Luxton to conduct a voir dire with that witness. Luxton contends that those errors require reversal of his conviction for driving while intoxicated. Finding no reversible error, we affirm.

### Resisting Arrest

A misdemeanor Information [Cause # 0558483, TR 001] charges that on the date of the alleged offense Luxton knew S. Peterson was a peace officer but intentionally prevented or obstructed the officer from effecting Luxton's arrest, search, or transportation "[b]y using force against said peace officer, to wit: By pulling away from said officer and struggling with said officer." Luxton's first point of error is that the evidence was insufficient to prove that he used force against a peace officer. His second point of error is that because the evidence was insufficient, the trial court erred by denying Luxton's timely motion for directed verdict on the resisting arrest charge. The third point of error asserts that the denial of Luxton's motion for directed verdict on the resisting arrest charge was harmful error that requires reversal of his conviction of driving while intoxicated. Because they are interrelated, we will consider the three points together. Luxton seeks our review of the legal sufficiency of the evidence.

In reviewing the legal sufficiency of the evidence to support a conviction, we view the evidence in the light most favorable to the verdict. *Narvaiz v. State*, 840 S.W.2d 415, 423 (Tex.Crim.App.1992), *cert. denied*, 507 U.S. 975, 113 S.Ct. 1422, 122 L.Ed.2d 791 (1993). The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Emery v. State*, 881 S.W.2d 702, 705 (Tex.

Crim.App.1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 1257, 131 L.Ed.2d 137 (1995). This standard still gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979).

The legal sufficiency of the evidence is a question of law. The issue on appeal is not whether we as a court believe the State's evidence or believe that the defense's evidence outweighs the State's evidence. *See Matson v. State*, 819 S.W.2d 839, 846 (Tex. Crim.App.1991); *Wicker v. State*, 667 S.W.2d 137, 143 (Tex.Crim.App.), *cert. denied*, 469 U.S. 892, 105 S.Ct. 268, 83 L.Ed.2d 204 (1984). The verdict may not be overturned unless it is irrational or unsupported by proof beyond a reasonable doubt. *Matson*, 819 S.W.2d at 846. In determining the legal sufficiency of the evidence to show an appellant's intent, and faced with a record that supports conflicting inferences, we "must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflict in favor of the prosecution, and must defer to that resolution." *Matson*, 819 S.W.2d at 846.

The evidence shows that Euless Police Officer S. Peterson stopped Luxton on suspicion of driving while intoxicated and, by administering field sobriety tests, the officer determined that Luxton was intoxicated. When told by the officer that he was under arrest, Luxton did not cooperate and told Officer Peterson he was not going to jail. Luxton then struggled with two officers and, after falling to the ground, he was subdued, arrested and taken to a hospital for observation. Luxton contends that "pulling away" from a police officer is not enough to constitute the offense of resisting arrest. *See Young v. State*, 622 S.W.2d 99, 101 (Tex. Crim.App. [Panel Op.] 1981). When a defendant is charged with resisting arrest, the State's burden includes proving that the defendant used force against the officer. *See Leos v. State*, 880 S.W.2d 180, 184 (Tex. App.—Corpus Christi 1994, no pet.).

Although Luxton argues that his conduct at the time of arrest was no more forceful than that recited in *Leos,* we find *Leos* and the case at bar factually distinguishable. In *Leos,* the accused first held his hands to his stomach so the officers could not put handcuffs on him, then tried to crawl away with his shoulders and knees on the ground. *Leos,* 880 S.W.2d at 181. When an accused simply shakes off an officer's detaining grip, the officer is not the object of any "force," in the context of "resisting arrest." *Id.* at 184. However, the witnesses to Luxton's behavior at the time of the offense charged described his conduct differently than that in *Leos.* Jail Dispatcher Michelle Rickard testified that she was riding with the officers at the time of the incident and watched the physical encounter between Luxton and the officers from her seat inside the police car, about 20 feet away. She told the jury that she saw Luxton start "fighting" with the two officers when they tried to handcuff him. She testified that Luxton "was not just pulling his hands away" and that she watched him "struggle with the officers." Officer Peterson testified that Luxton used force against him and that the struggle was "like a wrestling match." The jury was free to weigh the credibility of the witnesses and their testimony.

Having reviewed the record, we find that the verdict is not irrational or unsupported by proof beyond a reasonable doubt. We conclude that the evidence is legally sufficient for any rational trier of fact to have found beyond a reasonable doubt that Luxton was guilty of the offense of resisting arrest. The trial court did not err by denying Luxton's motion for directed verdict. The first, second, and third points of error are overruled.

### The Medical Record

Points of error four, five, and six concern State's Exhibit 1 consisting of Luxton's written medical record authenticated by the custodian of records for Harris Methodist H.E.B. Hospital and admitted into evidence. The record was admitted under applicable portions of Rule 803(6) that allow as evidence:

> (6) **Records of Regularly Conducted Activity.** A memorandum, report, record ... in any form, of ... conditions, opinions, or diagnoses, made at or near the time by ... a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the ... report, record ... all as shown by the testimony of the custodian ... unless the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

TEX.R.CRIM. EVID. 803(6).

Under point of error four, Luxton argues that because the physician's observations, diagnoses and opinions are in the exhibit, its offer as evidence made the physician an expert witness for the State and that the trial court erred by denying Luxton's request to conduct a voir dire examination of the physician before showing the exhibit to the jury. Rule 705(b) addresses a party's right to have the trial court require an opposing expert to disclose facts or data that support the expert's opinion before letting the jury hear the opinion:

> (b) **Voir Dire.** Prior to the expert giving his opinion or disclosing the underlying facts or data, a party against whom the opinion is offered shall, upon request, be permitted to conduct a voir dire examination directed to the underlying facts or data upon which the opinion is based. This examination shall be conducted out of the hearing of the jury.

TEX.R.CRIM. EVID. 705(b). The physician's diagnosis written in State's Exhibit 1 is "alcohol intoxication," and Luxton's fifth point of error asserts that the denial of his request to conduct a voir dire of the physician was so harmful that the conviction for driving while intoxicated should be reversed. The sixth point of error asserts that the trial court erred in overruling Luxton's timely objection to admitting the medical record into evidence without first conducting a balancing test under Rule 403, TEX.R.CRIM. EVID., to determine whether the danger of unfair prejudice from the exhibit outweighed its probative value. We will consider the fourth, fifth and sixth points of error together.

Before trial and out of the jury's presence, the prosecuting attorney told the court:

> Judge, the State intends to call Delores Raines and the State intends to ask if she's the custodian of these records for Harris Methodist HEB Hospital, which she will state yes to. That she brought certain records which we'll mark in a minute. That the records that she brought were kept in the regular course of business of Harris Methodist HEB. That an employee of Harris Methodist HEB made those records. And the information contained within those records, that it was done at or near the time or reasonably soon thereafter the event. And that the employee that made the entries had actual knowledge of those entries. And that the records that we will mark as State's Exhibit No. 1 are exact duplicates of the originals and that she made copies from the originals to those documents.

The prosecutor thus described to the court the expected testimony of the records custodian that would satisfy the prerequisites of Rule 803(6) for the admission of business records into evidence as an exception to the rule against hearsay evidence. The prosecutor and the defense attorney then stipulated in open court that the text of State's Exhibit 1 is a business record and that the custodian's testimony would confirm what the prosecutor had just told the court about the record. Because we do not have a copy of the exhibit before us in this appeal[1], we do not know whether the hospital records custodian had attached to the exhibit her affidavit of self authentication under Rule 902(10), Tex. R.Crim. Evid., verifying the same matters that the attorneys had stipulated. If she had, then State's Exhibit 1 would have been admissible as a business record, an exception to the hearsay rule, merely upon the strength of the affidavit. *Id.* Nevertheless, we conclude that the attorneys' stipulation served the same purpose as a Rule 902(10) affidavit because the stipulation established that Luxton's medical record was admissible in evidence as a business record. Furthermore, Luxton did not seek an instruction to

the jury to limit the purposes for which the jury could consider the document.

■ At trial, Luxton conceded that State's Exhibit 1 was admissible as a business record, and on appeal, he emphasizes, that his trial objections did not challenge the document's admissibility as a business record. Instead, he objected that admission of the written medical record allows an expert opinion to be presented to the jury without an opportunity for Luxton to first question the expert on voir dire under Rule 705(b). He also objected under Rule 403, that the danger of unfair prejudice to Luxton by admitting the exhibit into evidence outweighed its probative value.

Significantly, the language of Rule 705(b) clearly focuses on a party's right to conduct an expert's voir dire before the expert *appears in court* and *testifies* within the context of Rule 705(a):

> **(a) Disclosure of Facts or Data.** The expert *may testify* in terms of opinion or inference and give his reasons therefore without prior disclosure of the underlying facts or data, unless the court requires otherwise. The expert may in any event disclose on *direct examination,* or be required to disclose on *cross-examination* the underlying facts or data, subject to subparagraphs (b) through (d). [Emphasis added.]

Tex.R.Crim. Evid. 705(a). Rule 705 plainly applies to the in-court examination of expert witnesses who are called to the courtroom to testify in person on direct and cross examination. The language of Rule 705 contains no inference or even a suggestion that its provisions override the admissibility of a physician's observations, diagnoses, or opinions that are recorded in a business record qualified and admitted into evidence under Rule 803(6). On the other hand, Rule 803(6) expressly allows the admission into evidence of opinions and diagnoses that are written into a business record by any person who qualifies under the rule to make those entries.

■ Luxton does not argue that the record was irrelevant to the trial, but because

---

1. Although all exhibits that the trial court admitted in evidence were designated by Luxton as part of the record for this appeal, the exhibits were not furnished to us.

his attorney asked the court to conduct a balancing test before State's Exhibit 1 was admitted into evidence, the trial court had to comply and could admit the evidence only after determining that its probative value outweighed any danger of unfair prejudice to Luxton. *See Alba v. State,* 905 S.W.2d 581, 585 (Tex.Crim.App.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 783, 133 L.Ed.2d 734 (1996). However, the court was not required to conduct a separate hearing on that issue or even to announce on the record that it was mentally balancing the factors of "probativeness versus prejudice". *Menchaca v. State,* 901 S.W.2d 640, 648 (Tex.App.—El Paso 1995, pet. ref'd). From the record before us, we may presume that the trial court conducted the test and found that State's Exhibit 1 was more probative than prejudicial. *See Nolen v. State,* 872 S.W.2d 807, 812 (Tex. App.—Fort Worth 1994), *pet. ref'd,* 897 S.W.2d 789 (Tex.Crim.App.1995). A trial court has wide latitude in ruling on the prejudicial nature of evidence and, under Rule 403, should favor the admission of relevant evidence in close cases of balancing probativeness against prejudice. *Montgomery v. State,* 810 S.W.2d 372, 389 (Tex.Crim.App. 1990) (op. on reh'g); *Thacker v. State,* 889 S.W.2d 380, 393 (Tex.App.—Houston [14th Dist.] 1994, pet. ref'd), *cert. denied,* —— U.S. ——, 116 S.Ct. 57, 133 L.Ed.2d 21 (1995). Because the presumption is that the probativeness was the weightier consideration in the trial court's view, its decision will not be disturbed on appeal as long as the trial court operated within the boundaries of its discretion. *Rankin v. State,* No. 0374–94, —— S.W.2d ——, 1996 WL 165014 (Tex.Crim. App. April 10, 1996); *McFarland v. State,* 845 S.W.2d 824, 837–38 (Tex.Crim.App.1992), *cert. denied,* 508 U.S. 963, 113 S.Ct. 2937, 124 L.Ed.2d 686 (1993). We find that the trial court did not abuse its discretion by admitting State's Exhibit 1 after it was shown qualified under Rule 803(6).

Points of error four, five and six are overruled and the judgment of the trial court is affirmed.