Opinion issued April 18, 2002










 




In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-99-00468-CR

____________


DANNY ROYCE MURPHY, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the County Court No. 1

Galveston County, Texas

Trial Court Cause No. 180,685






OPINION ON REHEARING

 We overrule appellant's motion for rehearing but withdraw our previous
opinion and substitute this one in its stead.

 The trial court found appellant, Danny Royce Murphy, guilty of resisting arrest,
search, or transportation. See Tex. Penal Code Ann. § 38.03 (Vernon 1994). The
trial court assessed punishment at 30 days in jail and a $1,000 fine. In this pro se
appeal, we are asked whether (1) the visiting trial judge took the constitutionally
required oaths, (2) appellant received adequate notice of the charge against him, (3)
the secretary of state duly authenticated the applicable statute, and (4) the evidence
was legally sufficient to support appellant's conviction. We affirm.

Oath


 In point of error one, appellant contends his conviction and sentence are void
because the visiting trial judge, the Honorable Ronald L. Wilson, allegedly did not
take the constitutionally required oath of an appointed officer before beginning his
assignment. See Tex. Const. art. XVI, § 1(c) (oath of office), (d) (anti-bribery
oath). As a general rule, courts have jurisdiction of certain subject matter and/or
persons, and judges have authority to act within that given jurisdiction. The failure
to observe the distinction between the two has been a source of confusion. See
generally Davis v. State, 956 S.W.2d 555, 558-59 (Tex. Crim. App. 1997). The El
Paso Court of Appeals has held that the constitution requires a visiting judge to take
the required oaths to have the authority to act on a particular assignment. Prieto Bail
Bonds v. State, 994 S.W.2d 316, 318-21 (Tex. App.--El Paso 1999, pet. ref'd). It
further held that the actions taken by the judge in the case were without authority and
therefore "without effect." Id. at 321. (1) Although appellant did not raise this issue
in the trial court, a challenge to a trial judge's legal qualifications may be raised for
the first time on appeal. Wilson v. State, 977 S.W.2d 379, 380 n.3 (Tex. Crim. App.
1998). (2) But see Tex. R. App. P. 33.1(a) (general rule that error must be preserved in
trial court).

 However, it has long been a "cardinal rule" of appellate procedure in Texas
that we "must indulge every presumption in favor of the regularity of the proceedings
and documents" in the trial court. McCloud v. State, 527 S.W.2d 885, 887 (Tex.
Crim. App. 1975) (emphasis added). The presumption of regularity is a judicial
construct that requires a reviewing court, "absent evidence of impropriety," to
indulge every presumption in favor of the regularity of the trial court's judgment. 
Light v. State, 15 S.W.3d 104, 107 (Tex. Crim. App. 2000) (emphasis added). We

have consistently upheld the "presumption of regularity of the judgment and the
proceedings absent a showing to the contrary." Dusenberry v. State, 915 S.W.2d
947, 949 (Tex. App.--Houston [1st Dist.] 1996, pet. ref'd). The burden is on the
defendant to overcome the presumption. Id.

 We hold that the presumption of the regularity of trial court judgments and
proceedings applies to appellate challenges of visiting trial court judges for alleged
failures to take their constitutionally required oaths. We further hold that an
appellant who makes such a challenge must make a prima facie showing that the trial
judge did not take the required oaths before we will consider the issue on the merits.

 Here, appellant failed to meet his burden to overcome the presumption. The
record reveals that at no time during the trial court proceedings did appellant object
to or challenge Judge Wilson's authority to hear his case. Nor did he present the
issue by filing and having a hearing on a motion for new trial. Appellant merely,
without any proof in the record, alleges that Judge Wilson did not take the required
oath of office and the anti-bribery oath. He has presented no evidence of any
impropriety to overcome the presumption of regularity. (3)

 We overrule point of error one.

Due Process


 In point of error two, appellant claims he was denied due process because he
was not provided with notice of the nature and cause of the charges against him. See
U.S. Const. amend. VI; Tex. Const. art. I, § 10; Tex. Code Crim. Proc. Ann. art.
1.05 (Vernon 1977). The information, however, alleges appellant "did then and
there unlawfully and intentionally prevent and obstruct a peace officer, to-wit:
TROOPER PAUL ADKINS, whom [appellant] knew to be a peace officer, from
effecting an arrest, search, and transportation of said [appellant], by using force
against said peace officer, FIGHTING WITH TROOPER ADKINS." This language
tracks the statutory language for the offense of resisting arrest, search, or
transportation. See Tex. Penal Code Ann. § 38.03 (Vernon 1994). Subject to rare
exceptions not applicable here, a charging instrument that tracks the language of the
statute will satisfy constitutional and statutory notice requirements, and the State is
not required to allege facts that are merely evidentiary in nature. State v. Mays, 967
S.W.2d 404, 406 (Tex. Crim. App. 1998). Accordingly, we hold that appellant's due
process claim is meritless.

 We overrule point of error two.



Authentication


 In point of error three, appellant argues that the applicable Penal Code
provision (section 38.03) has not been authenticated by the secretary of state, as
required by Texas Constitution article III, section 43(a) ("The Legislature shall
provide for revising, digesting and publishing the laws, civil and criminal . . . .") and
article IV, section 21 ("He [the secretary of state] shall authenticate the publication
of the laws . . . ."). The legislature enacted section 38.03 in 1973 and amended it in
1991 and 1993. Act of May 24, 1973, 63d Leg., R.S., ch. 399, sec. 1, § 38.03, 1973
Tex. Gen. Laws 883, 950, amended by Act of May 19, 1991, 72d Leg., R.S., ch. 277,
1991 Tex. Gen. Laws 1185, amended by Act of May 29, 1993, 73d Leg., R.S., ch.
900, sec. 1.01, § 38.03, 1993 Tex. Gen. Laws 3586, 3666. Each of these three sets
of session laws contains the secretary of state's required certification. 1973 Tex.
Gen. Laws II; 1991 Tex. Gen. Laws II; 1993 Tex. Gen. Laws II. There is no
requirement that individual codes, like the Penal Code, be authenticated by the
secretary of state. (4) Accordingly, we hold that appellant's lack-of-authentication
claim is meritless.

 We overrule point of error three.

Legal Sufficiency


 In point of error four, appellant contends the evidence is legally insufficient
to support his conviction. We review legal sufficiency by viewing the evidence in the light most
favorable to the verdict to determine if any rational fact finder could have found the
essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia,
443 U.S. 307, 318-19, 99 S. Ct. 2781, 2788-89 (1979); Santellan v. State, 939
S.W.2d 155, 160 (Tex. Crim. App. 1997); Bell v. State, 26 S.W.3d 516, 521 (Tex.
App.--Houston [1st Dist.] 2000, pet. ref'd). If there is evidence that establishes
guilt beyond a reasonable doubt and if the fact finder believes the evidence, we will
not reverse the judgment for insufficient evidence. Moreno v. State, 755 S.W.2d
866, 867 (Tex. Crim. App.1988); Reece v. State, 878 S.W.2d 320, 325 (Tex.
App.--Houston [1st Dist.] 1994, no pet.). The jury is entitled to judge the
credibility of the witnesses and may choose to believe all, some, or none of the
witness's testimony. Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App.
1986); Reece, 878 S.W.2d at 325. It is the jury's job to reconcile conflicts in the
evidence. Heiselbetz v. State, 906 S.W.2d 500, 504 (Tex. Crim. App. 1995); Bell,
26 S.W.3d at 521. This familiar standard gives full play to the responsibility of the
trier of fact to resolve conflicts in the testimony fairly, to weigh the evidence, and
to draw reasonable inferences from basic facts to ultimate facts. See Jackson, 443
U.S. at 318-19, 99 S. Ct. at 2788-89; Santellan, 939 S.W.2d at 160; Howley v.
State, 943 S.W.2d 152, 155 (Tex. App.--Houston [1st Dist.] 1997, no pet.).

 Two peace officers testified appellant struggled with them when they
attempted to arrest him. This testimony alone is legally sufficient evidence on which
to base appellant's conviction. See Luxton v. State, 941 S.W.2d 339, 340-41 (Tex.
App.--Fort Worth 1997, no pet.).

 We overrule point of error four.

 We affirm the trial court's judgment.

Davie L. Wilson

Justice


Panel consists of Chief Justice Schneider and Justices Jennings (5) and Wilson. (6)

Publish. Tex. R. App. P. 47. 
1. ' ' 
 - 
 ' 
 
2. 
 
 
3. 
 
 
 
 
4. 
 
 
 
 " " 
 ' 
5. 
 
 
 
 
 
 
 
6.