VITAL V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

                                    
NOS.
 
2-02-421-CR

2-02-422-CR

ADAM JAMES VITAL, JR.   APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant, Adam James Vital, Jr., appeals from his convictions for unauthorized use of a motor vehicle and evading arrest enhanced with two prior felonies.  After his arrest, Appellant wrote out and signed a confession that included statements regarding prior extraneous offenses.  Brian Johnson, a detective for the Arlington Police Department, testified that he warned Appellant of his rights before Appellant confessed.  According to Johnson, Appellant initialed a card listing his rights and indicated to Johnson that he understood them.  Johnson testified that, without threats, promises, or coercion, Appellant was willing to talk to the police.  Although Appellant made a running objection to any mention of extraneous offenses at trial, Appellant’s confession was admitted into evidence.  Following the close of the evidence, the trial court denied Appellant’s requested jury charge on the voluntariness of the confession.

A jury found Appellant guilty of the charged offenses.  Based on Appellant’s two prior felony convictions, the trial court ordered an enhanced sentence of twenty years’ confinement.  This appeal followed. 

Extraneous Offense Evidence

Appellant first complains that the trial court erred in admitting the portions of his confession that referred to his prior extraneous offenses.  The trial court's task is to determine whether extraneous offense evidence is relevant for a purpose other than the propensity of the defendant to commit crimes or other bad acts.
  Booker v. State
, 103 S.W.3d 521, 530 (Tex. App.—Fort Worth 2003, pet. ref’d) (op. on reh’g).  Rulings on relevance should be left largely to the trial court, relying on its own observations and experience, and will not be reversed absent an abuse of discretion.  
Moreno v. State
, 858 S.W.2d 453, 463 (Tex. Crim. App. 1993), 
Corley v. State
, 987 S.W.2d 615, 618 (Tex. App.—Austin 1999, no pet.).  Moreover, appellate courts should give great discretion to the trial courts in matters of relevancy, reversing only if the trial court acts outside “the zone of reasonable disagreement.”  
Montgomery
 
v. State
, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh’g); 
Couchman v. State
, 3 S.W.3d 155, 158 (Tex. App.—Fort Worth 1999, pet. ref’d).

Appellant’s statement, in its entirety, states:

This morning I was going to take a blue truck to Randy Allen’s house but ended up getting caught in Fort Worth. The apt. I was in had a red Chevy truck with stereo system inside.  All of that was suppose to go to Justin Lee.  He stay on Norris Street.  The red truck would not crank up and the white truck (Chevy) I went to jail for three weeks ago hand tools I think but that’s what I wanted.  Blue Chevy truck came from North Arlington.  Went through door started it from under ignition I side of a little white whole.

Appellant argues that the first two lines and last three lines of the statement were irrelevant to the charge of unauthorized use of a motor vehicle and should have been redacted.  Appellant fails to recognize, however, that he was additionally charged with evading arrest.  Appellant committed this offense if he intentionally fled from a person he knew was a peace officer lawfully attempting to arrest or detain him.  
Tex. Penal Code Ann.
 § 38.04 (Vernon 2003); 
Brooks v. State
, 76 S.W.3d 426, 434 (Tex. App.—Houston [14th Dist.] 2002, no pet.).  Intent may be inferred from circumstantial evidence such as the acts, words, and conduct of the accused.  
Patrick v. State
, 906 S.W.2d 481, 487 (Tex. Crim. App. 1995).

The State contends that the portion of Appellant’s statement admitting that he had been to jail for a prior offense of unauthorized use of a motor vehicle shows that he had a motive for evading arrest.  
See 
Tex. R. Evid.
  404(b); 
Montgomery
, 810 S.W.2d at 387.  We conclude that this is a legitimate basis for the trial court’s ruling and overrule Appellant’s first point.

Rule 403

In Appellant’s second point, he asserts that the trial court did not perform a balancing test under Rule 403 before admitting Appellant’s entire statement.  
See 
Tex. R. Evid
.
 
403.  There is no requirement that the trial judge announce the balancing test on record.  
Nolen v. State
, 872 S.W.2d 807, 812 (Tex. App.—Fort Worth 1994, pet. ref’d).  Based on our review of the record and the judge’s comments and responses to Appellant’s attorney we may presume that the trial court did perform the mandatory test and found the evidence more probative than prejudicial.  
See id.
;
 Luxton v. State
, 941 S.W.2d 339, 343 (Tex. App.—Fort Worth 1997, no pet.).  The evidence of Appellant’s prior extraneous offenses tends to prove that he had a motive for fleeing the police.  It was, therefore, highly probative in establishing intent, an essential element of the evading arrest charge.  
See 
Tex. Penal Code Ann.
 § 38.04.  We overrule Appellant’s second point.  

Jury Instruction

In Appellant’s third point, he contends that the trial court erred in not including his requested jury charge regarding the voluntariness of his confession.  Where the evidence raises an issue of the voluntariness of an accused’s statement, the trial court must make an independent finding in the absence of the jury as to whether the statement was made under voluntary conditions.  
Tex. Code Crim. Proc. Ann. 
art. 38.22, § 6 (Vernon Supp. 2004).  If the trial court finds that the statement was voluntary and admissible, the court must submit the evidence to the jury and instruct it to consider the evidence only if it believes beyond a reasonable doubt that the statement was voluntary.  
Id
.  If the evidence presented to the jury does not raise a question of voluntariness, the defendant is not entitled to a jury charge on that issue.  
Butler v. State
, 872 S.W.2d 227, 236 (Tex. Crim. App. 1992), 
cert. denied
, 513 U.S. 1157 (1995).  The trial court is the sole judge of credibility of the witnesses on the issue and its ruling will be affirmed absent an abuse of discretion.  
Butler
, 872 S.W.2d at 236; 
Brownlee v. State
, 944 S.W.2d 463, 467 (Tex. App.—Houston [14th Dist.] 1997, pet. ref’d).

The evidence at trial supports the trial court’s implied finding that the evidence did not raise an issue as to the voluntariness of Appellant’s statement.  At the top of Appellant’s confession, there is a statement acknowledging that Detective Johnson read him his rights as well as a statement indicating that he “knowingly, intelligently, and voluntarily” waived those rights.  Additionally, Detective Johnson testified that he warned Appellant of his rights and that Appellant made his statement without threats, promises, or coercion.  According to Johnson, Appellant acknowledged his rights by placing his initials on a green card that contained a printed copy of his rights.

Appellant claims that because the green card was not admitted into evidence, there is no written evidence that Appellant knowingly and willingly waived his constitutional and statutory rights to consult with an attorney and to remain silent.  Appellant’s confession, however, includes a signed acknowledgment and waiver of his rights which in part states,

Prior to and during the making of this statement, I have and do hereby knowingly, intelligently, and voluntarily waive the above explained rights and I do make the following voluntary statement to the aforementioned person of my own free will and without any promises or offers of leniency or favors, and without compulsion or persuasion by any person or persons whomsoever.

We overrule Appellant’s third point.  

Conclusion

Having overruled all of Appellant’s points, we affirm the trial court’s judgment.

DIXON W. HOLMAN

JUSTICE

PANEL B: DAUPHINOT and HOLMAN, JJ.; and SAM J. DAY, J. (Retired, Sitting by Assignment).

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  December 18, 2003

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.