Opinion issued January 8, 2009












     


In The
Court of Appeals
For The
First District of Texas




NO. 01-08-00128-CR




MARK ALAN EVANS, Appellant

v.

THE STATE OF TEXAS, Appellee




On Appeal from County Court at Law No. 3
Galveston County, Texas
Trial Court Cause No. 264606




MEMORANDUM OPINION

          A jury found appellant, Mark Alan Evans, guilty of the misdemeanor offense
of resisting arrest.


 The trial court sentenced appellant to 180 days in jail and a $600
fine. The trial court suspended appellant’s sentence and placed him on community
supervision for 12 months. In one issue, appellant challenges the factual sufficiency
of the evidence to support his conviction.
          We affirm. 
                                                        Background
          On November 7, 2007, the Texas City Fire Department went to the scene of a
large trash fire on property owned by Jamie Nobles. When fire department personnel 
arrived, the only person they found at the scene was appellant, who worked on the
property. Appellant told fire personnel that Nobles had recently left the property after
starting the fire. The department determined that no permit had been obtained for the
fire. 
          The Texas City fire marshal, Captain K. Rothrock, soon arrived. Because
appellant was the only person present, Captain Rothrock determined that appellant
was in “control” of the property. Captain Rothrock attempted to issue a citation to
appellant for illegal burning. Both she and Captain R. Ebert of the Texas City fire
department explained to appellant that signing the citation was not an admission of
guilt. Instead, they explained, it was a promise to appear in court for the offense. At
some point, Captain Rothrock handed appellant the citation booklet.
          Using profanity, appellant refused to sign the citation. Captain Rothrock and
Captain Ebert each made three or four requests for appellant to sign the citation. 
Appellant refused. Based on appellant’s repeated refusals to sign the citation and his
vulgar language, Captain Rothrock informed appellant that he would be placed under
arrest. Captain Rothrock, who is a certified peace officer, walked to her truck to get
her handcuffs. At that point, appellant stated, in a profane manner, that he would sign
the citation and asked Captain Rothrock for a pen. Captain Rothrock did not give
appellant a pen. Appellant scooped up some mud with his finger and stated that he
would sign the citation with the mud. 
          Captain Rothrock informed appellant that he was under arrest for illegal
burning and for refusing to sign the citation. When Captain Rothrock attempted to
handcuff him, appellant began swinging his arms and stated that he was not going to
jail. A Galveston County deputy constable also attempted to handcuff appellant. 
Appellant continued to swing his arms and wrestle with Captain Rothrock and the
deputy constable. Capatin Rothrock pepper sprayed appellant but he continued to
“fling” his arms and to fight the officers. At one point, appellant slammed the
officers into a garage door, and Captain Rothrock hit her head. Captain Rothrock
grabbed appellant’s pant leg and was able to throw him off his feet. A third
officer—a Texas City police officer—was finally able to handcuff appellant. 
Factual Sufficiency
          In one issue, appellant challenges the factual sufficiency of the evidence to
support his conviction for resisting arrest. 
A.      Standard of Review
          A factual sufficiency review requires us to view all of the evidence in a neutral
light and ask whether the jury was rationally justified in finding guilt beyond a
reasonable doubt. See Watson v. State, 204 S.W.3d 404, 415 (Tex. Crim. App. 2006). 
Evidence is factually insufficient (1) when the evidence supporting the conviction is
so weak that the verdict seems clearly wrong and manifestly unjust, or (2) when the
evidence supporting the conviction is outweighed by the great weight and
preponderance of the contrary evidence so as to render the verdict clearly wrong and
manifestly unjust. Roberts v. State, 220 S.W.3d 521, 524 (Tex. Crim. App. 2007); see
Sanchez, 243 S.W.3d at 72.
          We cannot reverse when the greater weight and preponderance of the evidence
actually favors conviction. Roberts, 220 S.W.3d at 524. And we may not substitute
our judgment for that of the jury merely because we would have reached a different
result. See Watson, 204 S.W.3d at 414. Instead, the record must show some
objective basis for concluding that the great weight and preponderance of the
evidence contradicts the jury’s verdict. See id. at 417.
          In conducting a factual-sufficiency review, we must discuss the evidence that,
according to the appellant, most undermines the jury’s verdict. See Sims v. State, 99
S.W.3d 600, 603 (Tex. Crim. App. 2003). 
B.      Analysis
          Pursuant to Penal Code section 38.03, a person commits the misdemeanor
offense of resisting arrest “if he intentionally prevents or obstructs a person he knows
is a peace officer . . . from effecting an arrest, search, or transportation of the actor or
another by using force against the peace officer.” Tex. Penal Code Ann. § 38.03
(Vernon 2003). 
          To support his factual sufficiency challenge, appellant contends that the
credible evidence did not show that he used force against a peace officer. Appellant
argues that a person does not commit the offense of resisting arrest simply by jerking
or pulling away to avoid arrest. Appellant cites Captain Ebert’s testimony that
appellant was “flinging” his arm to avoid being handcuffed and was “doing whatever
he could to keep [Captain Rothrock] away from him.” 
          Appellant relies on case authority that non-cooperation with an arrest is not an
act of “use of force against” a peace officer under section 38.03. See, e.g., Raymond
v. State, 640 S.W.2d 678, 679 (Tex. App.—El Paso 1982, pet. ref’d) (holding that
evidence defendant simply pulled away was insufficient to show use of force against
officer). In contrast, courts have also held that section 38.03 does not require that a
defendant engage in action directed at or toward an officer; rather, the statute requires
only that the defendant exert force in opposition to an officer’s efforts to make an
arrest. See Pumphrey v. State, 245 S.W.3d 85, 91 (Tex. App.—Texarkana 2008, pet.
ref’d). 
          In any event, here, the State presented evidence that appellant did more than
simply pull away or passively resist arrest. In addition to Captain Ebert’s testimony
cited by appellant, Captain Ebert also testified that appellant, Captain Rothrock and
the deputy constable “ended up wrestling up against the door of the garage and then
on the ground.” 
          Captain Rothrock’s testimony also showed that appellant used force against
her. Captain Rothrock testified that appellant was struggling and fighting with her
and the deputy constable. She testified that appellant had “locked up” on her and the
deputy constable and would not free them. Captain Rothrock told the jury that
appellant ultimately slammed her and the deputy constable into the garage. Such
evidence is factually sufficient to show that appellant used force against Captain
Rothrock when she was attempting to arrest him. See Pumphrey, 245 S.W.3d at 91
(holding that forcefully pulling away from officer’s restraining grasp showed use of
force against officer); Luxton v. State, 941 S.W.2d 339, 340–41 (Tex. App.—Fort
Worth 1997, no pet.) (concluding that evidence that defendant was pulling away, plus
struggling or fighting with officers, was sufficient to support resisting arrest
conviction). 
          To support his factual sufficiency challenge, appellant also attacks the
credibility of Captain Rothrock. Appellant contends that her testimony was “weak
and unreliable” because the record shows that Captain Rothrock was “a clearly biased
and antagonistic witness.” In this regard, appellant points out the following:
          •        The owner of the property, Jamie Nobles, and appellant’s wife each
spoke to Captain Rothrock on the telephone at the time of the incident. 
They each testified that Captain Rothrock was rude, disrespectful, and
hostile. 
 
          •        Captain Rothrock was the “victim” of the offense with which appellant
is charged.
 
          •        After she had decided to arrest appellant and had informed him that he
would be arrested, Captain Rothrock would not give appellant a pen to
sign the citation, even though he was then willing to sign.
 
          •        Captain Ebert’s testimony and Captain Rothrock’s testimony differed
with respect to when Captain Rothrock handed appellant the citation
booklet. 
 
          •        Captain Rothrock was trained to use minimum force to effectuate “her
law enforcement goals” and “knew the power to arrest an accused or
issue a citation was within her discretion.” Captain Rothrock did not
use minimal force or exercise her discretion; instead, Captain Rothrock
refused to give appellant a pen to sign the citation. 
 
          •        No other evidence was offered to support Captain Rothrock’s testimony
that appellant had slammed her head into the garage or her testimony
that she removed a knife from appellant’s pants during the struggle.



          In this case, the jury apparently chose to believe Captain Rothrock. The jury
found Captain Rothrock credible, even after considering the defense’s
cross-examination and arguments. We must give due deference to the jury’s
credibility finding. See Lancon v. State, 253 S.W.3d 699, 705 (Tex. Crim. App.
2008). Based on the record before us and the contentions asserted by appellant
challenging the factual sufficiency of the evidence, the jury in this case was in the
best position to evaluate the witnesses’ credibility and to weigh the evidence. We
give proper deference to those determinations. See id.
          After reviewing all of the evidence in a neutral light, we cannot conclude that
the evidence supporting the conviction is so weak that the verdict seems clearly
wrong and manifestly unjust, or that the evidence supporting the conviction is
outweighed by the great weight and preponderance of the contrary evidence so as to
render the verdict clearly wrong and manifestly unjust. See Roberts, 220 S.W.3d at
524. We hold that the evidence is factually sufficient to support the judgment of
conviction.
          We overrule appellant’s sole issue.
Conclusion
          We affirm the judgment of the trial court.



 

                                                             Laura Carter Higley
                                                             Justice

Panel consists of Chief Justice Radack and Justices Nuchia and Higley.

Do not publish. See Tex. R. App. P. 47.2(b).