Mark Henry QUERY, Appellant,

v.

The STATE of Texas, Appellee.

No. 45239.

Court of Criminal Appeals of Texas.

Oct. 25, 1972.

---

———◆———

Scott & Devlin, by Robert R. Scott, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and William Burge, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is felony theft; the punishment, enhanced under Article 63, Vernon's Ann.P.C., life.

Appellant's sole ground of error is that the court erred in admitting that portion of his confession which related to an extraneous offense.

Dorothy Nelson testified that on December 14, 1969, her yellow and black Chevrolet automobile was stolen from the Ashland Street parking lot of her employer, the Southwestern Bell Telephone Co.

The State introduced appellant's confession admitting that he stole a black and yellow Chevrolet on the date in question from a parking area of a telephone company on Ashland and "used it to rob a grocery store at 16th and Rutland".

Appellant offered no evidence in his own behalf.

 Generally, evidence of an extraneous offense in a confession is inadmissible. Sellers v. State, 163 Tex.Cr.R. 560, 294 S.W.2d 813; Martinez v. State, 138 Tex.Cr.R. 51, 134 S.W.2d 276. However, evidence of an independent crime is admissible, where, as in the case at bar, the offense with which the appellant is charged and the extraneous offense are part of the same transaction.[1] Sustaita v. State, Tex. Cr.App., 396 S.W.2d 381; Coomer v. State, 97 Tex.Cr.R. 100, 260 S.W. 568; Eurine v. State, Tex.Cr.App., 463 S.W.2d 2.

Finding no reversible error, the judgment is affirmed.

1. Although a limiting instruction is not required in the case at bar, the trial court limited the jury's consideration of the evidence of the extraneous offense for the purpose of showing motive and intent.