Ted THRUSH, Appellant,

v.

The STATE of Texas, Appellee.

No. 48684.

Court of Criminal Appeals of Texas.

Oct. 23, 1974.

Rehearing Denied Nov. 20, 1974.

Eduardo Roberto Rodriguez, Brownsville, for appellant.

Martin D. Eichelberger, Dist. Atty., Ward Casey, Dick Kettler and Randall Sellers, Asst. Dist. Attys., Waco, Jim Vollers, State's Atty., Austin, for the State.

○

## OPINION

ONION, Presiding Judge.

This appeal is taken from a conviction for being an accomplice to robbery by assault, wherein the jury assessed the punishment at confinement in the Texas Department of Correction for twenty (20) years.

The sufficiency of the evidence is not challenged. Suffice it to say the record reflects that appellant advised and aided in the robbery of Jack Boozer, an employee at a coin shop in Waco, on March 8, 1972, wherein rare coins were taken.

■■ Appellant's first ground of error complains of the trial court's refusal to grant his motion for continuance. Initially, we observe that appellant did not swear to the motion himself as required by Article 29.08, Vernon's Ann.C.C.P., and for this reason nothing is presented for review. Galvan v. State, 461 S.W.2d 396 (Tex.Cr. App.1970). Nevertheless, there is another reason why this contention does not call for reversal. The basis for appellant's motion for continuance was that his retained counsel, Thomas G. Sharpe, Jr., was involved as co-counsel in another criminal trial in a different part of the state. Since Attorney Sharpe was allowed to select a convenient date for the trial of this case by the trial judge, and since appellant was represented at trial by Mr. Sharpe's law partner, Eduardo Roberto Rodriguez, we cannot say that the trial judge abused his discretion in denying the motion for continuance. In McKnight v. State, 432 S.W.2d 69 (Tex.Cr.App.1968), we said:

"Under the decisions of this court, a judgment will not be reversed because of the refusal to postpone a case on account of the absence of leading counsel where the record shows that associate counsel ably represented the defendant." *McKnight* at 71.

■ Appellant next contends "the Trial Court erred in admitting in evidence tape-recorded conversations between the Appellant and one Thomas Edgar Haas, a Co-Defendant, in violation of Appellant's Fourth, Fifth, and Sixth Amendment rights." Although this ground of error is in dubious compliance with Article 40.09, Sec. 9, Vernon's Ann.C.C.P., we shall consider appellant's argument as we understand it. Haas, a principal in the robbery charged, negotiated an arrangement with officers of the Department of Public Safety whereby he would implicate appellant in return for dismissal of charges against himself. Of course, his testimony as an accomplice witness would require corroboration. Forbes v. State, 513 S.W.2d 72 (Tex. Cr.App.1974); Hendricks v. State, 508 S.W.2d 633 (Tex.Cr.App.1974). To avoid this problem a plan was devised whereby Haas would lure the appellant into incriminating conversations which would be tape-recorded by D.P.S. officers On two occasions (September 22, 1972, in a Houston apartment, and September 29, 1972, in a Houston motel), such conversations between Hass and appellant were recorded by the D.P.S.

The crux of appellant's contention, as we perceive it, is that Haas was an agent of the D.P.S. at the time the recordings were made, and for this reason he should have advised the appellant of his *"Miranda rights."* Failure to give the appellant such a warning should preclude admission of the tapes according to appellant. In support of this contention appellant cites a number of decisions by the United States Supreme Court. These various decisions may be considered in groups. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), are not applicable since appellant was not in custody when the recordings were made. Clearly those two cases concern only cus-

todial interrogation. Casas v. State, 462 S.W.2d 581 (Tex.Cr.App.1970) (On Appellant's Motion for Rehearing); Jones v. State, 442 S.W.2d 698 (Tex.Cr.App.1969). The other case in this general area which appellant contends is "controlling," Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964), is likewise inapposite. *Massiah* involved conversations between co-defendants which were overheard by government agents by means of a radio transmitter installed with the knowledge of Massiah's co-defendant. The Supreme Court held that this procedure violated Massiah's Sixth Amendment right to counsel since it occurred *after indictment* and after counsel had been retained. Yet in the instant case there had been no arrest or indictment of appellant when the conversations were recorded. For this reason we cannot conclude that appellant's Fifth or Sixth Amendment rights were impaired.

The remaining Supreme Court decisions relied upon by appellant relate to the Fourth Amendment. Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967), is not in point since it involved intercepting a telephone conversation between two persons neither of whom consented to the interception. Appellant's remaining cases hold diametrically opposite to his position. Uniformly the Supreme Court has refused to overturn convictions solely because they were based upon statements made by a defendant to a cohort he mistakenly trusted with incriminating information. See United States v. White, 401 U.S. 745, 91 S.Ct. 1122, 28 L.Ed.2d 453 (1971); Hoffa v. United States, 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966), and Lopez v. United States, 373 U.S. 427, 83 S.Ct. 1381, 10 L.Ed.2d 462 (1963). See also On Lee v. United States, 343 U.S. 747, 72 S.Ct. 967, 96 L.Ed. 1270 (1952). *White* specifically states that *Hoffa* and *Lopez* were "undisturbed" by the subsequent *Katz* decision. Indeed, far from indicating a denial of appellant's Fourth, Fifth and Sixth Amendment rights, the cases appellant cites specifically sanction the tactics employed in this case. This ground of error is overruled.

■ Appellant's final ground of error asserts that admission of the tapes was error because the conversations contained remarks about unrelated extraneous offenses. While it is true that the State introduced the extraneous offenses during its case in chief, this procedure has been held to be harmless where the offenses subsequently become admissible. See Johnson v. State, 494 S.W.2d 870 (Tex.Cr.App.1973). Therefore, when the appellant raised the defense of duress based upon alleged threats by Haas against his life and that of his mother, extraneous offenses became admissible. Refutation of a defensive theory is a recognized exception to the general rule which prohibits admission of extraneous offenses. Powers v. State, 508 S.W.2d 377 (Tex.Cr.App.1974); Albrecht v. State, 486 S.W.2d 97 (Tex.Cr.App.1972); Lolmaugh v. State, 514 S.W.2d 758 (Tex.Cr.App., delivered October 9, 1974). Compare Forbes v. State, 513 S.W.2d 72 (Tex.Cr.App.1974).

■ The ultimate question becomes one of what extraneous offenses were admissible to refute the defense of duress. The recorded conversations between Haas and appellant reveal that appellant was involved in other robberies and burglaries around the State, ranging from Lubbock to McAllen. These offenses were certainly germane to the refutation of appellant's claim that he was coerced into participation in the robbery for which he was being tried. Moreover, any error with regard to these offenses was waived when appellant allowed Haas to testify to the same facts without objection. Miles v. State, 499 S.W.2d 175 (Tex.Cr.App.1973).

■■ A more difficult question is raised with regard to admission of those portions of the conversations in which appellant referred to "joints" and "uppers." We fail to see what relevancy these extraneous offenses, transactions or statements had to defeating the defense of duress. The fact that some extraneous offenses are admissible does not mean that all extraneous offenses are admissible. Extreme caution should be used to insure that the extrane-

ous offenses admitted pertain to the particular exception by which such offenses have become admissible and to avoid trying a defendant as a criminal generally. Introduction of extraneous offenses unrelated to the offense on trial in an attempt to prejudice an accused will not be countenanced. See Chatterfield v. State, 436 S.W.2d 146 (Tex.Cr.App.1969). Cf. Powell v. State, 478 S.W.2d 95 (Tex.Cr.App.1972); Rogers v. State, 484 S.W.2d 708 (Tex.Cr.App.1972).

In the recorded conversation on September 22, 1972, in a Houston apartment, the appellant twice referred to "uppers," saying once, "I wish we had some uppers or something . . . ." and later, ". . . where can we get some uppers?" In the recorded conversation on September 29, 1972, in a Houston motel, while awaiting the arrival of two girls, Haas complimented the appellant on his coat and pants. The recording then reflects:

> "Thrush (appellant) The gold in the pants matches the gold in the coat. The blue, matches the blue. Now I can dig it, turned on with some grass.
>
> "Haas If I had some man, but I ain't got any. They got two joints. They said they had a couple of joints.
>
> "Thrush We got two joints. They ain't got nothing on us man."

In the first recording there was only an expressed desire for "uppers" without explanation in the record as to the meaning of the term, and no showing that appellant had any "uppers" in his possession.

In the second recording the entire conversation is somewhat disjointed. While appellant mentions "grass" and says, "We got two joints," it is not altogether clear that such conversation definitely showed appellant to be in possession of marihuana as appellant urges. Nevertheless, we are of the opinion that the complained of conversation should not have been admitted. We do not conclude that the error calls for

reversal in light of the numerous robberies and other extraneous offenses which were clearly admissible, and in light of the overwhelming evidence of appellant's guilt. See Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

The judgment is affirmed.

ROBERTS, J., concurs in the result.