Lucien COLEMAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 55242.

Court of Criminal Appeals of Texas, Panel No. 2.

Nov. 8, 1978.

Rehearing Denied March 21, 1979.

J. R. Musslewhite, Houston, for appellant.

Carol S. Vance, Dist. Atty. and Robert A. Shults, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and DALLY and VOLLERS, JJ.

## OPINION

VOLLERS, Judge.

The appellant was convicted of the offense of aggravated robbery and a jury assessed the punishment at life. The appellant raises seven grounds of error, all of which involve the introduction of evidence relating to extraneous transactions which reflect the commission of extraneous offenses.

In its case-in-chief the State presented testimony that the appellant committed a robbery, along with two accomplices, at a Rice Food Market on March 31, 1975. It was shown that appellant and his accomplices got money from the manager, a cash register and deliverymen. A fingerprint expert identified one of the prints lifted from the cash register as belonging to the appellant.

Appellant was the only defense witness and he testified that he did not know where he was on the date in question but that he was not at the food market where the robbery occurred. He further stated that he had never been in that market.

In rebuttal the State presented evidence that the appellant had participated in four other robberies. The admissibility of the evidence of the four other robberies is raised by appellant in grounds of error number two, three, four and five. In those grounds of error the appellant contends that there were insufficient similarities between the extraneous transaction and the primary offense to warrant the introduction of such evidence.

■ The law is well settled that an accused may not be tried for some collateral crime or for being a criminal generally. *Cameron v. State,* Tex.Cr.App., 530 S.W.2d 841; *Halliburton v. State,* Tex.Cr.App., 528 S.W.2d 216; *Alvarez v. State,* Tex.Cr.App., 511 S.W.2d 493. However, there are exceptions to this general prohibition against the use of extraneous transactions which show extraneous offenses. It was pointed out in *Albrecht v. State,* Tex.Cr.App., 486 S.W.2d 97, 100, that

"Evidence of extraneous offenses committed by the accused has been held admissible: (1) To show the context in which the criminal act occurred—what has been termed the 'res gestae'—under the reasoning that events do not occur in a vacuum and that the jury has a right to hear what occurred immediately prior to and subsequent to the commission of that act so that they may realistically evaluate the evidence. (2) To circumstantially prove identity where the state lacks direct evidence on this issue. (3) To prove scienter, where intent or guilty knowledge is an essential element of the state's case and cannot be inferred from the act itself. (4) To prove malice or state of mind, when malice is an essential element of the state's case and cannot be inferred from the criminal act. (5) To show the accused's motive, particularly where the commission of the offense at bar is either conditioned upon the commission of the extraneous offense or is a part of a continuing plan or scheme of which the crime on trial is also a part. (6) To refute a defensive theory raised by the accused." [Footnotes omitted.]

■ From the evidence in this case it is clear that the appellant's testimony raised the defensive issue of identity and contradicted the evidence which the State had presented upon this issue. It is clear that the extraneous transactions, if sufficiently relevant, were material to this issue and admissible. The question that is presented is whether or not there were sufficient similarities to show such relevancy as to enable the probative value of this evidence to outweigh its obvious prejudicial effect. Without discussing the evidence in detail it is sufficient to say that the extraneous transactions were probably admissible because they showed a similar method of operation in that the robberies were effected in the early morning hours, by a group of two or more, where the manager, checkers and customers or salesmen were victims.

■ However, appellant's ground of error number six raises an issue which is dispositive of this appeal. In that ground

of error the appellant complains about the admissibility of an extraneous transaction tending to show that the appellant was a participant in a burglary of a habitation belonging to W. K. Duke. The State contends that this extraneous transaction is admissible because an automobile was taken at the same time of the burglary and the evidence tended to show that this was the same automobile used in connection with appellant's getaway in the robbery at the Lewis and Coker Store which was shown as an extraneous transaction on the issue of identity. It is the State's contention that the burglary and auto theft were a part of the same criminal transaction as the Lewis and Coker robbery the next day and were admissible. The State relies upon *Query v. State,* Tex.Cr.App., 485 S.W.2d 924 and *Avilla v. State,* Tex.Cr.App., 493 S.W.2d 233.

It appears that the State's reliance upon these two cases is misplaced. In *Query v. State,* supra, this Court held that an extraneous offense that was a part of the same transaction as the *primary* offense is admissible. In *Avilla v. State,* supra, proof of the theft of an automobile was admissible as a part of the extraneous transaction which showed that the taking of the automobile was a part of the actual robbery which was involved in the extraneous transaction.

The question that is presented is whether or not the proof of the burglary and theft of an automobile has any bearing upon the issue of identity for which the extraneous transactions were admissible. We fail to find that the transaction involving the burglary and theft of an automobile has any bearing whatsoever upon any contested issue of fact as to the primary offense in this case. Since this evidence had no relevance as to any contested issue, it was not admissible and it was error for the trial court to allow its proof in this case.

 Even though there was proof that appellant was guilty of the offense of robbery in the primary case, and proof connecting him with four extraneous robberies, it must be remembered that the extraneous robberies were admissible only upon the issue of identity. Since the trial court permitted the introduction of proof of an extraneous burglary and theft of an automobile that was not admissible upon any issue, we cannot say that this evidence was harmless beyond a reasonable doubt. See *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

For these reasons the judgment of conviction is reversed and the cause is remanded for a new trial.

Before the court en banc.

## STATE'S MOTION FOR REHEARING

DOUGLAS, Judge, dissenting.

On original submission, a panel reversed this conviction because two extraneous offenses were improperly admitted. The majority now overrules the State's motion for rehearing without written opinion. This writer is convinced that the error, if any, in admitting the extraneous offenses was harmless.

Two key factors which can be used to determine whether admission of an extraneous offense is harmless are the amount of evidence to establish the defendant's guilt and the number and nature of other offenses which are properly admitted. *Thrush v. State,* 515 S.W.2d 122 (Tex.Cr. App.1974); see *Nixon v. State,* 572 S.W.2d 699 (Tex.Cr.App.1978). The evidence of appellant's guilt was overwhelming. Three eyewitnesses identified him and his fingerprint was found on a cash register. His defense was that he was not there and that he did not commit the offense. He could not state where he was on the day in question. Evidence of four similar robberies committed by appellant provided further proof of identity. In addition to his overwhelming proof of guilt, the improperly admitted offenses were of relative unimportance compared to the properly admitted offenses. This could have added little, if any, to the finding of guilt or in the assessment of punishment. The improper evidence, according to the majority, concerned a burglary and theft of a car. The proper evidence concerned four armed robberies.

Under these circumstances, a theft and burglary could have only a negligible influence on the jury.

The panel acknowledges the four extraneous robberies were admissible on the issue of identity but the burglary and theft were "not admissible upon any issue." The panel, therefore, concludes that the evidence was not harmless error.

*Thrush v. State,* supra, involved a similar situation. Thrush was convicted of robbery by assault. Evidence of several robberies and burglaries was admitted to refute the defensive theory of duress. A tape recording suggesting that Thrush was involved with marihuana and pills was also admitted. We held that these references were improperly admitted. However, we concluded that the error was harmless "in light of the numerous robberies and other extraneous offenses which were clearly admissible, and in light of the overwhelming evidence of appellant's guilt."

The drug offenses in *Thrush* were also "not admissible upon any issue." Yet, the Court concluded their admission was harmless error because of the overwhelming evidence of guilt and the properly admitted extraneous offenses. The panel neither overrules nor distinguishes *Thrush.*

The evidence of guilt was overwhelming and the four extraneous robberies make the theft and burglary appear insignificant. The car taken during the burglary the night before was used in the robbery in the present case. This was part of the continuing transaction to commit the robberies and it was admissible.

The holding of *Thrush* should be applied to the instant case and the judgment should be affirmed.

ODOM, TOM G. DAVIS and W. C. DAVIS, JJ., join in this dissent.