James Michael KIZZIAR, Appellant,

v.

The STATE of Texas, State.

No. 2–81–036–CR.

Court of Appeals of Texas, Fort Worth.

Feb. 10, 1982.

Rehearing Denied March 3, 1982.

Discretionary Review Refused May 26, 1982.

244

Brantley R. Pringle, Fort Worth, for appellants.

Tim Curry, Dist. Atty., and William D. Kane, Asst. Dist. Atty., Fort Worth, for appellee.

Before HUGHES, JORDAN and BROWN, JJ.

## OPINION

HUGHES, Justice.

James Michael Kizziar has appealed his conviction by a jury of the offense of aggravated promotion of prostitution. The jury assessed his punishment at six years confinement in the Texas Department of Corrections and a fine of five thousand dollars.

We affirm.

A Fort Worth policeman, Richardson, learned from Rhonda Taylor about the Foxy Lady enterprise operated by Kizziar. He had arrested Ms. Taylor for prostitution May 9, 1978 while she was working as a prostitute in the Foxy Lady Massage. Ms. Taylor and Ms. Mae Crider, another hired as a prostitute-masseuse, both testified that very little legitimate massage was accomplished and a lot of sex acts were performed under the "Foxy Lady Massage" cover.

Ms. Taylor said she was hired by Kizziar specifically to perform sex acts with his customers. He set the prices and appointment procedures for customers. He took half of the money. Ms. Taylor witnessed the girls taking calls at Kizziar's office which was also his apartment. Kizziar's phone number was the same one used in the Ft. Worth Star Telegram advertisement soliciting customers for the Foxy Lady (which also offered employment there).

Ms. Crider testified that Kizziar had at least three women employed as prostitutes under the "Foxy Lady Massage" cover. She did sexual acts for which she was paid, with the proceeds given by her to Kizziar and half returned to her. She, too, said the operation worked out of Kizziar's apartment: calls taken by the women to go perform sex acts at the caller's designation.

Acting on what he learned from Ms. Taylor, officer Richardson got policewoman Glenda Werner to contact Kizziar at his apartment with the Foxy Lady phone number. She offered to do nude massages. Kizziar told her she didn't need the massage know-how because his five employees gave "very, very, very few massages." He told

officer Werner his girls were required to perform three varieties of sex acts.

Kizziar detailed appointment procedures and price lists of sex acts. He referred to his keeping records of all the regular customers and officer Werner saw some of them in Debra Crider's possession at the time she was at the apartment.

A search warrant was obtained on the basis of officer Werner's interview with Kizziar in his apartment and what she saw of his records. Kizziar was arrested and his apartment was searched. Ledger sheets in the apartment were taken showing the earnings of six prostitutes, price lists, "trick sheets" and other business records.

Officer Werner's initial contact with Kizziar, a phone call applying for the massage job offered in the Foxy Lady advertisement, was taped by officers Richardson and Wingo. She did not tell Kizziar she was a police officer nor that the conversation was being recorded.

Officer Werner's interview with Kizziar at his apartment was also recorded without his knowledge. She told him her name was "Linda Anderson" and stated in writing that she was not a police officer. The tapes of both the phone conversation and the apartment interview were admitted into evidence over numerous objections of Kizziar.

In his first ground of error, Kizziar says the police should not use a lie and a fraud in lieu of an affidavit and warrant to search to obtain evidence from a defendant in his home.

In overruling this first ground of error, we must point out that Kizziar himself converted his home "into a commercial center to which outsiders are invited for purposes of transacting unlawful business." *Lewis v. United States*, 385 U.S. 206, 87 S.Ct. 424, 17 L.Ed.2d 312 (1966). In *Lewis*, the home of the defendant was used for narcotics sales. Here the home of the defendant was used as a prostitution headquarters. In both *Lewis* and this case, deceit of the same character was practiced by the police with concealed recorders. *Lewis* sanctioned it. So did the Texas Court of Criminal Appeals

in *Saunders v. State*, 572 S.W.2d 944 (Tex. Cr.App.1978).

■ We also overrule second ground of error which alleges violation of Fourth Amendment rights against search and seizure by admitting the recorded tapes into evidence. Both the U. S. Supreme Court and the Texas Court of Criminal Appeals have held that tape recordings as used in the instant case were admissible in evidence. *Lopez v. United States*, 373 U.S. 427, 83 S.Ct. 1381, 10 L.Ed.2d 462 (1963); *United States v. White*, 401 U.S. 745 (1971); *Thrush v. State*, 515 S.W.2d 122 (Tex.Cr. App.1974); *Saunders, supra.*

■ We overrule the third ground of error because we do not agree with Mr. Kizziar's claim that he should have been warned of his constitutional rights before the recording was made. He was not under arrest nor had he been indicted at the time of the recording. No warning was required. *Thrush, supra.*

The fourth, fifth and sixth grounds of error are all based on the "fruit of the poisonous tree" doctrine. By our rulings on the first and second grounds of error, we have held no poison in the tree, hence, no poison in the fruit.

■ We hold the recordings in question and the items observed by policewoman Werner sufficient probable cause for the issuance of the search warrant complained of in the fourth ground of error, *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

The same reasoning applies as to our overruling the fifth ground of error complaining that the confession made under an illegal arrest (by reason of a poisoned tree search warrant)—no poisoned tree—no poisoned search warrant—no poisoned confession.

We overrule the sixth ground of error complaining of no instruction to the jury, as timely requested by Mr. Kizziar, to disregard the complained of evidence if the jury believed it was illegally obtained. In view of our ruling on the first and second grounds, we hold that no fact issue was raised by the evidence, *Jordan v. State*, 562 S.W.2d 472 (Tex.Cr.App.1978).

■ By the seventh ground of error, Mr. Kizziar contends error in the trial court's restricting his cross-examination of Rhonda Taylor and Debra Mae Crider. Without elaborating, there was extensive cross-examination allowed of these two witnesses about their prostitution activities for Mr. Kizziar and the Foxy Lady operation. The trial court would not let Mr. Kizziar ask the name of the teacher Rhonda Taylor worked for; where her family lived; who she lived with and where she worked at the time of trial. Objections to these questions were sustained on the ground of relevance and as unnecessarily embarassing people not parties to the suit. Mr. Kizziar did not attempt to develop these questions out of the jury's hearing, although invited to do so. We hold these questions to be immaterial particularly since no harm was shown to Mr. Kizziar in their not being answered. As to Debra Crider's testimony, Mr. Kizziar did not object to the trial court's refusal and did not insist that she answer the question. Error, if any, was waived.

■ Was the use of a prior written statement of Rhonda Taylor improperly used to bolster her testimony before she was impeached? The eighth ground of error claims improper bolstering. We disagree and overrule the ground. Mr. Kizziar used the complained-of statement in questioning Ms. Taylor from it about her being required to perform sex acts as opposed to her live testimony that she was not forced to do sex acts. Prior consistent statements are admissible where a witness has been impeached by prior inconsistent statements, *McCormick and Ray, Evidence*, sec. 774, *Lewis v. State*, 504 S.W.2d 900 (Tex.Cr.App. —1974).

Kizziar first brought up the statement and used it in his cross-examination of Ms. Taylor, therefore, under article 38.24, Texas Code of Criminal Procedure, he opened the door for the State to use it on redirect examination.

We affirm.