Affirmed and Memorandum Opinion filed May 20, 2008








Affirmed and Memorandum Opinion filed May 20, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00359-CR

____________

 

MICHAEL SALOMON OBANDO, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 262nd
District Court

Harris County, Texas

Trial Court Cause No. 1090031

 



 

M E M O R A N D U M   O P I N I O N

Michael Salomon Obando was convicted of murder and
sentenced to confinement for 45 years in the Texas Department of Criminal
Justice, Institutional Division.  Obando challenges his conviction, asserting
that he was denied the right to retain counsel of his choosing in violation of
the United States Constitution, the Texas Constitution, and the Texas Code of
Criminal Procedure.  We affirm.








Obando was charged by indictment with the felony offense of
murder.  He requested appointment of counsel, and subsequently filed a motion
to substitute counsel, naming Juan Guerra as the attorney of record on November
21, 2006.  Obando entered a plea of not guilty and trial was set for April 23,
2007, with voir dire to commence on April 20, 2007.  Guerra filed various
documents on behalf of Obando, including  two agreed settings for arraignment,
an agreed setting for disposition, a request for notice of state=s intention to use
evidence of extraneous offenses at trial, as well as motions for discovery of
exculpatory and mitigating evidence, for discovery of punishment evidence, and
a motion to suppress.  Additionally, Guerra appeared as counsel for Obando on multiple
occasions prior to April, 2007. 

          On
April 13, 2007, Guerra and Bergquist filed a motion for continuance, citing a
scheduling conflict between this trial and a pretrial hearing in federal
court.  Both Bergquist and Guerra are partners at the law firm of Bergquist,
Guerra & Farrah.  The motion for continuance was the first document in the
record also signed by Bergquist.  It was verified by the notarized statement of
Bergquist, stating: AI am the attorney of record along with
Juan L. Guerra, Jr., for Michael Obando and have been so at all material times
relevant to this proceeding.@  The court denied this motion on April
17, 2007, and subsequently appointed another defense attorney to assist Obando=s counsel.

On April 20, 2007, prior to voir dire, Guerra once again
raised the continuance issue.  Guerra informed the court that he was to be
second chair at trial with Bergquist designated as lead counsel.  Bergquist
could not attend the entire trial due to a pretrial hearing in federal court. 
However, Obando requested that both Guerra and Bergquist attend the trial in
its entirety. The court responded that there had been no such designation of
lead counsel and that Guerra had made the first appearance. The court once
again denied the motion for continuance.








Guerra represented Obando at trial, assisted by the defense
attorney the court had appointed.  The jury found Obando guilty of murder  and
found that he did not cause the death of the complainant while under the
influence of sudden passion arising from an adequate cause.  The jury then
assessed punishment at 45 years confinement.  The trial court sentenced Obando
accordingly.  Obando timely filed this appeal.    

The Sixth Amendment of the United States Constitution
requires that A[i]n all criminal prosecutions, the accused shall
enjoy the right . . . to have the Assistance of Counsel.@  U.S. Const.
amend. VI.[1] 
This includes the right of a defendant to choose who will represent him, when
the defendant does not require appointed counsel.  See Wheat v. United
States, 486 U.S. 153, 159 (1980).  AWhile the right to
select and be represented by one=s preferred
attorney is comprehended by the Sixth Amendment, the essential aim of the
Amendment is to guarantee an effective advocate for each criminal defendant
rather than to ensure that a defendant will inexorably be represented by the
lawyer whom he prefers.  Id.  (citations omitted).  The right to counsel
of choice is not unlimited.  Id. A defendant may not insist on an
attorney he cannot afford, an attorney who has a conflict, or an attorney who
declines to represent the defendant for other reasons.  Id. Additionally,
the right to counsel of choice Amust be balanced with a trial court=s need for prompt
and efficient administration of justice.@  Ex parte
Windham, 634 S.W.2d 718, 720 (Tex. Crim. App. 1982)(en banc).  








When evaluating this claim, it is necessary to distinguish
between the right to effective assistance of counsel and the right to select
counsel of one=s choice.  A violation of the right to effective
assistance of counsel requires a defendant to establish prejudice.  United
States v. Gonzalez-Lopez, 548 U.S. 140, 126 S.Ct. 2557, 2562-63, 165
L.Ed.2d 409 (2006).  When evaluating an ineffective assistance of counsel
claim, the Texas Court of Criminal Appeals held that Aa judgment will
not be reversed because of the refusal to postpone a case on account of the
absence of leading counsel where the record shows that associate counsel ably
represented the defendant.@  McKnight v. State, 432 S.W.2d 69,
71 (Tex. Crim. App. 1968) (citations omitted).  Similarly, the Texas Court of
Criminal Appeals held that the trial court did not abuse its discretion in
denying appellant=s motion for continuance when his retained
counsel was involved in another trial in a different part of the state.  Thrush
v. State, 515 S.W.2d 122, 123 (Tex. Crim. App. 1974).  Since retained
counsel Awas allowed to
select a convenient date for the trial of this case by the trial judge, and since
appellant was represented at trial by [his] law partner,@ the trial court
did not abuse its discretion in denying the motion.  Id.  

In contrast, when evaluating the right to select counsel of
one=s choice, when we
conclude that the trial court wrongly denied this right, Ait is unnecessary
to conduct an ineffectiveness or prejudice inquiry to establish a Sixth
Amendment violation.  Deprivation of the right is >complete= when the
defendant is erroneously prevented from being represented by the lawyer he
wants, regardless of the quality of representation he received.@  Gonzalez-Lopez,126
S.Ct. 2557, at 2563.  There is no mechanical test to evaluate when the denial
of a continuance violates the right to select counsel of one=s choice,
therefore we must evaluate each scenario on a case-by-case basis.  See Ex
parte Windam, 634 S.W.2d at 720 (holding that the trial court did not abuse
its discretion and deny petitioner his right to counsel of choice by overruling
petitioner=s motion for continuance when the motion was made on
the day set for trial, the case was not complex, and counsel provided capable
and effective representation).  The Texas Court of Criminal Appeals set out
several factors to consider, including: 








(1) the length of the delay
requested, 

(2) whether other continuances were
requested and whether they were denied or granted, 

(3) the length of time in which the
accused=s counsel had to prepare for trial,


(4) whether another competent
attorney was prepared to try the case, 

(5) the balanced convenience or
inconvenience to the witnesses, the opposing counsel, and the trial court, 

(6) whether the delay is for
legitimate or contrived reasons, 

(7) whether the case was complex or
simple, 

(8) whether a denial of the motion
resulted in some identifiable harm to the defendant, [and] 

(9) the quality of legal
representation actually provided.  

Id.  The court also
noted that Athe public interest in the fair and orderly
administration of justice may be greater than a defendant=s right to have
counsel of his choice.@  Id. (citations omitted).








The State contends that Obando presents nothing for review
because he failed to preserve the error and failed to adequately brief his
state claim.  Assuming Obando did preserve error and adequately brief his
claim, the claim still will not succeed because the trial court did not abuse
its discretion in denying Obando=s motion for
continuance.  Although Obando=s counsel had not requested any
continuances prior to April 13, 2007, and the delay was requested for a
seemingly legitimate reason, we conclude that the trial court did not abuse its
discretion in overruling the motion.  Guerra had been counsel of record for
Obando since November, 2006.  As such, he had adequate time to prepare for
trial set for April, 2007.  Guerra filed various documents on behalf of Obando,
and continued to represented Obando throughout the trial without Bergquist. 
Although Obando contends that Bergquist was to be lead counsel, we find so such
designation in the record.  Additionally, Guerra was assisted at trial by
another defense attorney who was appointed by the trial court after the motion
for continuance.  Obando has not proven any identifiable harm resulting from
the denial of the motion for continuance, nor has he proven that the quality of
legal representation provided was insufficient.  Although Obando requested that
both Guerra and Bergquist represent him during the entire trial, we must
balance Obando=s preferences with the fair and orderly administration
of justice.  See id. 

Based
on the foregoing, we affirm the judgment of the trial court.

 

 

/s/      Jeff
Brown

Justice

 

 

 

 

Judgment rendered and Memorandum Opinion filed May 20,
2008.

Panel consists of Justices Yates, Guzman, and Brown.

Do Not Publish C Tex. R. App. P.
47.2(b).

 

 









[1]  Obando inadequately briefed his state constitutional
claim by failing to provide any argument or authority regarding how the
protections afforded by the Texas Constitution differ from the protections
afforded by the United States Constitution.  Therefore, we will not review his
state constitutional claim.  Tex. R. App. P. 38.1(h); McCambridge v. State,
712 S.W.2d 499, 502 n. 9 (Tex. Crim. App. 1986) (explaining that A[a]ttorneys, when briefing constitutional questions,
should carefully separate federal and state issues into separate grounds and
provide substantive analysis or argument on each separate ground.  If
sufficient distinction between state and federal constitutional grounds is not
provided by counsel, this Court may overrule the ground as multifarious.@); Johnson v. State, 853 S.W.2d 527, 533 (Tex.
Crim. App. 1992), cert. denied, 114 S.Ct. 154 (1993) (holding that
although appellant claimed that there was a violation of the Texas
Constitution, Aappellant proffers no argument or authority as to the
protection offered by the Texas Constitution or how that protection differs
from the protection guaranteed by the U.S. Constitution.  We decline to pursue
appellant=s Texas Constitutional arguments for him.@).