# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00515-CR

**Charles Brown, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 427TH JUDICIAL DISTRICT
### NO. D-1-DC-09-302842, HONORABLE JIM CORONADO, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

A jury convicted appellant Charles Brown ("Brown"), defendant in the underlying proceeding, of aggravated assault with a deadly weapon. *See* Tex. Penal Code Ann. §§ 22.01, 22.02 (West 2011 & Supp. 2012). Brown pleaded true to three enhancement counts. After a sentencing hearing, the trial court made an affirmative finding of a deadly weapon and assessed Brown's punishment at forty years imprisonment. In three points of error on appeal, Brown contends the trial court abused its discretion during the guilt phase of trial by (1) admitting the victim's medical records without proper authentication, (2) admitting the victim's medical records without expert testimony, and (3) limiting his cross-examination of the victim to exclude questions regarding the victim's drug use after the assault. We conclude Brown failed to preserve error as to his first point. With regard to his second point of error, we conclude the trial court did not abuse its discretion by admitting the victim's medical records without expert testimony. We further conclude the trial court

did not abuse its discretion by limiting the cross-examination of the victim as to the irrelevant issue of her drug use after the assault, and Brown failed to preserve error as to his third point by making an offer of proof for the excluded testimony. Accordingly, we affirm the trial court's judgment.

## Admission of Medical Records

Brown's conviction arises from an alleged assault on Kimberly Edminson ("Edminson"). Edminson testified she delivered drugs for Brown, and the assault occurred after Edminson failed to give Brown the proceeds from a delivery. Brown struck Edminson four times, including one blow to the head, with a weapon described as a lead pipe. The blows caused bruises, a mild concussion, and a laceration on her head requiring stitches, but she had no broken bones and did not require surgery. After the assault, Edminson sought treatment for her injuries from University Medical Center Brackenridge ("Brackenridge"). At trial, the State offered SX-7, consisting of Edminson's written medical records from the assault authenticated by a business record affidavit from the custodian of records for Brackenridge. The records were admitted without a sponsoring witness and without expert testimony. In his first and second points of error, Brown contends the trial court abused its discretion by admitting the Brackenridge medical records.

### *Authentication*

First, Brown contends the trial court abused its discretion by admitting the medical records without a proper foundation. The medical records were admitted under the business record exception to the hearsay rule. *See* Tex. R. Evid. 803(6). The foundation for a business record may be established by testimony or an affidavit from the custodian of the records or other qualified

2

witness. Tex. R. Evid. 902(10)(a). If an affidavit is used, as in this case, a business record is self-authenticated—provided that the record to be introduced and the affidavit are filed with the trial court at least fourteen days before trial. *Id.* Brown contends the State failed to file the records and accompanying affidavit with the clerk fourteen days before trial, and the trial court erred by admitting the records without proper authentication. The State concedes that the medical records and affidavit were not filed in accordance with Texas Rule of Evidence 902(10)(a) but contends Brown failed to preserve his complaint for review by not objecting to the omission at the trial court. We agree Brown failed to preserve error at trial.

To preserve a complaint for appellate review, a party must make a timely objection on the record "with sufficient specificity to make the trial court aware of the complaint." Tex. R. App. P. 33.1(a)(1). If an objection made in the trial court differs from the complaint on appeal, a defendant has not preserved error for review. *Thomas v. State*, 723 S.W.2d 696, 700 (Tex. Crim. App. 1986). A party objecting to the foundation of a business record, on the grounds that the offering party violated the filing requirements under Rule 902(10)(a), must make a specific objection sufficient to inform the trial court of the complaint. *See Granviel v. State*, 552 S.W.2d 107, 121-22 (Tex. Crim. App. 1976) (general hearsay objection to admission of medical records insufficient to preserve error for State's alleged failure to file records fourteen days prior to trial); *Nichols v. William A. Taylor, Inc.*, 662 S.W.2d 396, 399-400 (Tex. App.—Corpus Christi 1983, no writ) (general objections insufficient to bring filing defect under Rule 902(10)(a) to the attention of the court).

Brown did not object at trial to the admission of the records on the specific grounds now urged on appeal. Rather, Brown's counsel objected to the admissibility of the medical records

3

on the grounds that the State needed expert medical testimony to explain the substance of the records to the jury:

> Counsel: My understanding is that the State will not have any medical personnel to explain the medical records to the jury, and absent that, I don't see how they are going to understand, considering I can't understand what's in medical records and I have a fairly high general education, what all that means. And then there are some things I'd like to call attention to on pages 33 and 35, but absent a witness, I guess I don't know – I'm handcuffed as to how I'm going to do that.
>
> Court: Well, are you saying that they are not admissible?
>
> Counsel: Not without a witness, sponsoring witness.
>
> Court: Okay. That objection is overruled, and it will go to the weight but not the admissibility. They may decide they can't figure them out either and not give them any weight, I don't know, but I do think they are admissible if they were properly filed and related to the injuries allegedly sustained by Ms. Edminson for this incident about which she testified about yesterday.

After the jury reconvened, the State offered the medical records into evidence. Brown's counsel renewed his previous objection, and the records were admitted without accompanying testimony. At no time did Brown's counsel state that the basis of his objection was the State's failure to file the medical records and affidavit with the clerk under Rule 902(10)(a) or otherwise inform the trial court he was objecting to the authentication of the records. Additionally, he did not object or contradict the trial court's statement declaring that the exhibit had been properly filed. Because Brown did not make a specific objection apprising the trial court of the State's failure to file the medical records and affidavit with the clerk in accordance with Rule 902(10)(a), we conclude he cannot now raise such objections on appeal. *See Granviel*, 552 S.W.2d at 121.

4

*Expert Testimony*

Next we address Brown's second argument that the trial court abused its discretion by admitting the victim's medical records without accompanying expert testimony to explain the "expert evidence" to the jury.[1] We review the trial court's admission of medical records without expert testimony for abuse of discretion. *Rodriguez v. State*, 203 S.W.3d 837, 841 (Tex. Crim. App. 2006) ("[W]e review a trial court's decision regarding the admissibility of evidence under an abuse of discretion standard."); *see also Luxton v. State*, 941 S.W.2d 339, 342 (Tex. App.—Fort Worth 1997, no writ) (holding trial court did not abuse its discretion by admitting medical records without expert testimony). This standard requires us to uphold the trial court's admission of evidence if "that decision is within the zone of reasonable disagreement." *Rodriguez*, 203 S.W.3d at 841. An appellate court may not reverse a trial court's decision regarding the admissibility of evidence solely because the appellate court disagrees with the decision. *Id.*

We conclude the trial court acted within its discretion in admitting the medical records without expert testimony. The State argues, and we agree, that the Texas Rules of Evidence did not require the medical records be admitted with expert testimony. Rather, Texas Rule of Evidence 803(6) plainly authorized the admission of the medical records without any witness at all. *See* Tex. R. Evid. 803(6) (authorizing admission of medical opinions and diagnoses as business records upon

---

[1] Brown attempts to characterize the entirety of Edminson's medical records as "expert evidence." Of course, medical records may contain medical opinions and other evidence rendered by medical experts, but they may also contain substantive facts relevant to the case. Brown does not specifically challenge the reliability of any medical opinions expressed in the records or the qualifications of any medical providers authoring the records. Rather, he objects only that an expert was generally required to "explain the medical records to the jury."

5

affidavit from custodian of records or other qualified witness).  Brown, however, argues that Texas

Rule of Evidence 702 "seems to require (or at least expect) medical records be presented through

a testifying expert witness."  But Rule 702 provides only that a party *may* offer expert testimony to

assist the trier of fact in understanding the evidence:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise.

Tex. R. Evid. 702.  The State may have offered expert testimony to explain the medical records to

the jury, but Rule 702 did not require such testimony.

Brown further argues that admission of the medical records, without an opportunity

for him to first question the records' author on voir dire, violated his rights under Texas Rule of

Evidence 705(b).  Rule 705(b) addresses a party's right to have the trial court require an opposing

expert disclose facts or data that support the expert's opinion before letting the jury hear the opinion:

> (b) **Voir dire.**  Prior to the expert giving the expert's opinion or disclosing the underlying facts or data, a party against whom the opinion is offered upon request in a criminal case shall, or in a civil case may, be permitted to conduct a *voir dire* examination directed to the underlying facts or data upon which the opinion is based. This examination shall be conducted out of the hearing of the jury.

The language of Rule 705(b), however, "clearly focuses on a party's right to conduct an expert's

voir dire before the expert *appears* in court and *testifies* within the context of Rule 705(a)."  *Luxton*,

941 S.W.2d at 342.  Rule 705(a) provides:

6

(a) **Disclosure of Facts or Data.** The expert may testify in terms of opinion or inference and give the expert's reasons therefor without prior disclosure of the underlying facts or data, unless the court requires otherwise. The expert may in any event disclose on direct examination, or be required to disclose on cross-examination, the underlying facts or data.

Tex. R. Evid. 705(a). Construing both provisions together, Rule 705 plainly applies to the in-court examination of an expert witness called to the courtroom to testify in person on direct and cross-examination. *Luxton*, 941 S.W.2d at 342. "The language of Rule 705 contains no inference or even a suggestion that its provisions override the admissibility of a physician's observations, diagnoses, or opinions" properly admitted as a business record. *Id.*

Finally, Brown contends that without expert testimony the medical records were not relevant because "some expert had to testify to interpret and make SX-7 understandable for the jury for it to be helpful to them and thus relevant." The State argues, and we agree, the medical records were relevant to prove Edminson suffered bodily injury as a result of the assault. *See* Tex. Penal Code Ann.§ 22.01. Further, expert testimony is only necessary to establish causation as to medical conditions outside the common knowledge and experience of jurors. *Guevara v. Ferrer*, 247 S.W.3d 662, 665 (Tex. 2007). The trial court could have reasonably concluded that Edminson's injuries, including a laceration on her head, bruises, and mild concussion—as described by Edminson's testimony and the medical records—were within the common knowledge and experience of the jurors and did not require expert testimony. To the extent Brown argues the probative value of the medical records without expert testimony was substantially outweighed by the danger of confusing the issues or misleading the jury under Texas Rule of Evidence 403, the trial court could have reasonably concluded that the probative value of the medical records was considerable compared to

its potential for confusing or misleading the jury. *See* Tex. R. Evid. 403. Accordingly, we hold the trial court did not abuse its discretion by admitting Edminson's medical records without expert testimony.

## Limitations on Cross-Examination

In his third point of error, Brown argues the trial court abused its discretion by limiting his cross-examination of Edminson.[2] During redirect, Edminson testified that she felt dizzy "for several weeks" after the assault and "still occasionally." Before beginning his re-cross of Edminson, Brown's counsel approached the bench seeking to question the witness regarding her drug use after the assault:

| Counsel: | To be completely fair, I don't want to ask these questions without running it past the Court. The State asked whether or not she still had headaches and dizziness and whatever. I want to ask her if she's still using drugs which might account for why she doesn't feel well or might feel sick or dizzy or whatever. |
|---|---|
| State: | I'm going to object to the relevance of that. |
| Court: | I don't see any relevance to that. Your objection is sustained. |

Brown's counsel then proceeded with questioning Edminson but did not broach the subject of her drug use after the assault. Brown did not make an offer of proof for the excluded testimony.

---

[2] To the extent Brown argues the trial court's ruling violated his rights under the Confrontation Clause, Brown failed to raise this argument to the trial court, and thus waived error. *Cameron v. State*, 241 S.W.3d 15, 21 (Tex. Crim. App. 2007) ("[B]ecause he did not clearly articulate that the confrontation clause demanded admission of the evidence, the trial judge did not have the opportunity to rule on the issue and, therefore, it was not preserved for appeal."); *Reyna v. State*, 168 S.W.3d 173, 176-180 (Tex. Crim. App. 2005). Therefore, we review this issue solely for non-constitutional error. *See* Tex. R. App. P. 44.2.

*Abuse of Discretion*

When reviewing the extent of cross-examination of a witness, the trial court's decision is not subject to reversal on appeal absent a clear abuse of discretion. *Cantu v. State*, 939 S.W.2d 627, 635 (Tex. Crim. App. 1997). The trial court maintains broad discretion to impose reasonable limits on cross-examination to avoid harassment, prejudice, confusion of the issues, endangering the witness, and the injection of cumulative or collateral evidence. *Lopez v. State*, 18 S.W.3d 220, 222 (Tex. Crim. App. 2000). Unless the inquiry on cross-examination is addressing an issue that relates to the charged offense or the credibility of the witness, "allowing a party to delve into the issue beyond the limits of cross examination wastes time and confuses the issues." *Hayden v. State*, 296 S.W.3d 549, 554 (Tex. Crim. App. 2009); *see also Walker v. State*, 300 S.W.3d 836, 845 (Tex. App.—Fort Worth 2009, pet. ref'd). Further, a party is generally not entitled on cross-examination to impeach a witness on a collateral matter. *Ramirez v. State*, 802 S.W.2d 674, 675 (Tex. 1990); *Delamora v. State*, 128 S.W.3d 344, 363 (Tex. App.—Austin 2004, pet ref'd). An issue is collateral if, beyond its impeachment value, "a party would not be entitled to prove it as part of his case tending to establish his plea." *Hayden*, 296 S.W.3d at 554; *see also TXI Transp. Co. v. Hughes*, 306 S.W.3d 230, 241-42 (Tex. 2010) (defining collateral matter as "not relevant to proving a material issue in the case").

Based on the record before us, we cannot conclude the trial court abused its discretion by restricting the cross-examination of Edminson as to the irrelevant and potentially prejudicial matter of her alleged drug use after the assault. The subject matter of Brown's proposed questions was not shown to be relevant to proving any material issue in the case on trial, aggravated assault

with a deadly weapon. First, Texas Rule of Evidence 608 barred Brown from cross-examining Edminson regarding her drug use for the purpose of attacking her credibility. *See* Tex. R. Evid. 608(b) (specific instances of conduct of a witness, for the purpose of attacking credibility, other than a conviction of a crime as provided in Rule 609, may not be inquired into on cross-examination); *Ramirez*, 802 S.W.2d at 676 (construing Tex. R. Evid. 608(b) to exclude collateral drug addiction evidence); *Lagrone v. State*, 942 S.W.2d 602, 612-13 (Tex. Crim. App. 1997) ("This Court has consistently classified . . . drug usage as specific instances of conduct which are immune from impeachment.").

Second, testimony regarding her drug use after the assault was not relevant to prove any other material issue in the case related to the convicted offense of aggravated assault with a deadly weapon. *See Norrid v. State*, 925 S.W.2d 342, 346-47 (Tex. App.—Fort Worth 1996, no writ) (concluding defendant was not entitled to cross-examine victim regarding her alcoholism because questions were not shown to be relevant to any contested issue in case on trial). In its case-in-chief, the State was required to prove that Brown caused *bodily injury* to Edminson using or exhibiting a deadly weapon during the commission of the assault. *See* Tex. Penal Code Ann. §§ 22.01, 22.02; *see also id*. § 1.07(a)(8) (defining bodily injury as physical pain, illness, or any impairment of physical condition). The State's evidence established Edminson suffered bruises, a mild concussion, and a laceration on her head as a result of the attack. But because the State sought to prove aggravated assault by establishing that Brown used a deadly weapon, the State was not required to further prove Edminson suffered *serious bodily injury*—such as protracted loss or impairment from continued dizziness—in order to establish the aggravated nature of the assault.

10

*See id*. § 22.02 (aggravated assault committed if person causes serious bodily injury to another *or* uses or exhibits a deadly weapon during commission of the assault); *see also id.* § 1.07(a)(46) (defining "serious bodily injury" as bodily injury that creates substantial risk of death, or that causes death, serious permanent disfigurement or protracted loss or impairment). Thus, whether or not Edminson experienced dizziness at all several weeks after the assault, as a result of the attack or otherwise, is not relevant to proving a material issue in the case.

Brown, however, argues Edminson's alleged drug use after the assault was relevant to the deadly weapon charge because it rebutted any inference the jury may have made that Edminson's continued dizziness resulted from the assault. "Deadly weapon" is defined as anything that in the manner of its use or intended use is *capable* of causing death or serious bodily injury. *Id*. § 1.07(a)(17). Thus, the State was not required to prove that Brown's use of the weapon caused serious injury. *Id.* The State was only required to prove Brown's use of the weapon *threatened* deadly force or serious bodily injury. *McCain v. State*, 22 S.W.3d 497, 503 (Tex. Crim. App. 2000) (noting placement of word "capable" in definition of deadly weapon enables statute to cover conduct that threatens but does not actually cause serious bodily injury). The State's evidence established that Brown struck Edminson four times, including one blow to the head, with an object described as a lead pipe causing injury. The State was not required to further prove Brown's use of the weapon actually caused serious bodily injury—such as protracted loss or impairment—for the deadly weapon charge. *See id*. (holding that mere carrying of a butcher knife during assault and robbery, without evidence of injury from knife, was sufficient to support finding that butcher knife was a deadly weapon). Brown was not entitled to rely on evidence of Edminson's drug use after the assault to

11

rebut the State's claim that Brown's use or intended use of the weapon threatened deadly force or serious bodily injury. *Id*.; s*ee also Norrid*, 925 S.W.2d at 347 (concluding defendant not entitled to cross-examine witness regarding her alcoholism when he could not rely on such evidence in his defense to solicitation of murder charge). As such, we cannot conclude the trial court's exclusion of questions regarding Edminson's drug use after the assault was a clear abuse of discretion.[3]

Brown further argues that, even if Edminson's alleged drug use was a collateral matter, he was entitled to impeach her statement because it "created a false impression that her continued loss or impairment was due solely to injuries caused by the assault." The general rule is a party is not entitled to impeach a witness on a collateral matter. *Ramirez*, 802 S.W.2d at 676. However, when a witness has voluntarily testified to a collateral matter resulting in a false impression, the witness may be impeached on that matter in order to correct the false impression.[4] But courts construe this exception narrowly. *James v. State*, 102 S.W.3d 162, 181 (Tex. App.—Fort Worth 2003, pet ref'd). Moreover, "[u]nless the witness's testimony created a false impression that is directly relevant to the offense charged, allowing a party to delve into the issue beyond the limits of cross examination wastes time and confuses the issues." *Hayden*, 296 S.W.3d at 554.

---

[3] To the extent the trial court could have determined the evidence was marginally relevant to the deadly weapon charge, the trial court must still balance the probative value of the evidence sought to be introduced against the risk the admission may entail. *Winegarner v. State*, 235 S.W.3d 787, 791 (Tex. Crim. App. 2007); *Delamora v. State*, 128 S.W.3d 344, 365 (Tex. App.—Austin 2004, pet. ref'd) (also noting that trial court's decision will be sustained on appeal if it is correct on any theory of law applicable to case, particularly when reviewing admissibility of evidence). Given the evidence before it, the trial court could have reasonably concluded that the probative value, if any, of the excluded testimony was substantially outweighed by the danger of unfair prejudice or confusion of the issues. Tex. R. Evid. 403; *see also Winegarner*, 235 S.W.3d at 791.

[4] Even if a party opens the door to rebuttal evidence by leaving a false impression, the trial judge still has discretion to exclude the evidence under Texas Rule of Evidence 403. *Hayden v. State*, 296 S.W.3d 549, 554 (Tex. Crim. App. 2009).

12

We are not persuaded by Brown's argument. First, as discussed more fully below, Brown may not rely on this exception when he failed to make an offer of proof establishing that Edminson's testimony in any way resulted in a false impression. *See* Tex. R. Evid. 103(a)(2). Second, Edminson's assertion that she suffered dizziness in the weeks after the assault in no way amounted to a blanket assertion that she did not use drugs, such as would be sufficient to open the door to otherwise inadmissible evidence of her drug use. *See Ramirez*, 802 S.W.2d at 676; *see also Daggett v. State*, 187 S.W.3d 444, 454 n.24 (Tex. Crim. App. 2005) ("When a witness makes a broad statement of good conduct or character on a collateral issue, the opposing party may cross-examine the witness with specific instances rebutting that false impression."). Finally, as previously discussed, whether or not Edminson suffered dizziness after the assault and any alleged drug use is not directly relevant to the offense charged, and the trial court did not abuse its discretion by limiting the cross-examination. *See Hayden*, 296 S.W.3d at 554.

Even if the excluded evidence could be considered a topic of proper inquiry, we would still conclude the trial court did not abuse its discretion because Brown did not preserve error or establish harm by making an offer of proof for the excluded testimony. *See* Tex. R. Evid. 103 (error may not be predicated upon a ruling that excludes evidence unless substantial right of party is affected and substance of evidence was made known to court by offer, or was apparent from context); *Morales v. State*, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000) ("[A] substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict."). When the defendant, as in this case, seeks to elicit specific responses from the State's witness on cross-examination, counsel must make an offer of proof either by (1) having the witness answer for the record and out of the presence of the jury the questions barred by the trial judge

13

or (2) by stating the questions counsel would have asked and the answers counsel expected to receive. *Virts v. State*, 739 S.W.2d 25, 29 (Tex. Crim. App. 1987); *Koehler v. State*, 679 S.W.2d 6, 9 (Tex. Crim. App. 1984). A summary of the questions counsel seeks to ask without "any of the meat of the actual evidence, will not suffice to preserve error." *Mays v. State*, 285 S.W.3d 884, 891 (Tex. Crim. App. 2009).

Brown's counsel did not make an offer of proof. Counsel merely informed the trial court he proposed to ask Edminson about her drug use after the assault and did not have Edminson answer the questions outside the presence of the jury or provide a concise statement of her answers. *See Love v. State*, 861 S.W.2d 899, 901 (Tex. Crim. App. 1993); *Virts*, 739 S.W.2d at 29. It is not apparent from the record whether Edminson would have admitted to drug use after the assault or to experiencing dizziness from drug use. *See Watts v. State*, 371 S.W.3d 448, 464 (Tex. App.—Houston [14th Dist.] 2012, no pet.) ("[I]t is not apparent from the context that Trooper Crain would have admitted to using impermissible persuasion techniques. Without an offer of proof, we decline to speculate about the nature of the trooper's excluded testimony.").

Without an offer of proof, Brown failed to preserve error and establish harm.[5] *See id.; Navarro v. State*, 863 S.W.2d 191, 198-99 (Tex. App.—Austin 1993, writ ref'd) ("Appellant has

---

[5] We recognize that, when a defendant is not permitted to cross-examine a State's witness regarding general subject matters that tend to impeach the witness's character for truthfulness, the defendant need not show what his cross-examination would have affirmatively established to preserve error. *Holmes v. State*, 323 S.W.3d 163, 170 (Tex. Crim. App. 2009). Yet Brown is not arguing that the evidence sought from cross-examination would have shown "malice, ill-feeling, ill-will, bias, prejudice, or animus" or otherwise impeached Edminson's character for truthfulness. *Id.* at 168. Indeed, such evidence would not be admissible for the purpose of attacking Edminson's credibility. *See* Tex. R. Evid. 608(b) (specific instances of the conduct of a witness, for the purpose of attacking the witness's credibility, other than conviction of a crime under Rule 609, may not be inquired into on cross-examination); *Spector v. State*, 746 S.W.2d 946, 950 (Tex. App.—Austin 1988, writ ref'd) (character for truthfulness and honesty not traits related to drug possession).

14

failed to perfect a bill of exceptions to show what [the witness's] answers would have been to the questions propounded by appellant's counsel.  Absent a bill of exception or offer of proof, nothing is presented for review."); *Kizziar v. State*, 628 S.W.2d 243, 246 (Tex. App.—Fort Worth 1982, writ ref'd) (holding excluded cross-examination questions irrelevant, particularly since no harm was shown when defendant failed to make offer of proof establishing answers).  Accordingly, we conclude the trial court did not abuse its discretion by limiting cross-examination of Edminson regarding her drug use after the assault, and Brown waived any error by failing to make an offer of proof.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.

_____

David Puryear, Justice

Before Justices Puryear, Rose, and Goodwin

Affirmed

Filed:   March 7, 2013

Do Not Publish

15